COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-362-CV

 

 

LAN CUNNINGHAM                                                              APPELLANT

 

                                                      V.

 

GARY CUNNINGHAM                                                              APPELLEE

 

                                                  ------------

 

            FROM
COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

 

                                                  ------------

 

                   MEMORANDUM
OPINION[1] AND
JUDGMENT

 

                                                  ------------








We have considered the AJoint Motion to Vacate Judgment Pursuant to Settlement@ filed by appellant and appellee. 
It is the court=s opinion
that the motion should be granted in part and denied in part.[2]  Accordingly, without regard to the merits, we
vacate the trial court=s judgment
and remand the case to the trial court for rendition of a judgment in
accordance with the parties= settlement agreement.  See Tex.
R. App. P. 42.1(a)(2)(B), 43.2(d); Innovative Office Sys., Inc. v. Johnson,
911 S.W.2d 387, 388 (Tex. 1995).

Appellant Lan Cunningham and
Appellee Gary Cunningham shall each pay half of the costs of this appeal, for
which let execution issue.  See Tex.
R. App. P. 43.4.

 

PER CURIAM

PANEL: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
October 30, 2008











[1]See Tex.
R. App. P. 47.4.





[2]The
parties ask us to Aeffectuate
the parties=
agreement@ by Avacating
and setting aside the Contempt Order signed by the trial court on March 20,
2008.@  Rule 42.1(a)(2), however, permits us to
render judgment effectuating the parties= agreements or to
vacate the trial court=s
judgment and remand the case to the trial court for rendition of judgment in
accordance with the agreement; we cannot do both.  See Tex. R. App. P. 42.1(a)(2)(A),
(B).  The parties also state that Aremand
is unnecessary[,] and the appropriate disposition is to dismiss the appeal
following vacating the Contempt Order.@  But we cannot both vacate the trial court=s
judgment and dismiss the appeal.  See Tex.
R. App. P. 42.1(a)(2)(B); 43.2(d), (f); see also FarWest Ins. Co. v. State,
No. 08-04-00158-CV, 2004 WL 1771241, at *1 (Tex. App.CEl
Paso Aug. 5, 2004, no pet.) (mem. op.).